Margorie NECKLACE, Appellant,

v.

The TRIBAL COURT OF the THREE AFFILIATED TRIBES OF the FORT BERTHOLD RESERVATION, and the Three Affiliated Tribes of the Fort Berthold Reservation, Appellees.

No. 76–1911.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1977.

Decided April 15, 1977.

John O. Holm, North Dakota Legal Services, New Town, N. D., on brief for appellant.

Ronald A. Reichert, Dickinson, N. D., on brief for appellees.

Before MATTHES, Senior Circuit Judge, and LAY and HENLEY, Circuit Judges.

PER CURIAM.

Margorie Necklace appeals from the district court's dismissal of her habeas corpus petition, brought pursuant to the Indian Civil Rights Act, 25 U.S.C. § 1303. Necklace, a member of the Three Affiliated Tribes of the Fort Berthold Reservation (TAT), is confined in the North Dakota State Hospital at Jamestown pursuant to an involuntary commitment order of the Tribal Court issued April 14, 1972.[1] She commenced this habeas action in July of 1976, alleging that she was committed without being afforded due process. The district court dismissed the petition for failure to exhaust North Dakota state remedies. On appeal, Necklace contends that she is not required to exhaust any state remedies before seeking relief under 25 U.S.C. § 1303. Defendants maintain that state

---

1. The Fort Berthold reservation has no facilities for treating the mentally ill. Tribal members are cared for in state institutions.

remedies must be exhausted, or, alternatively, that the dismissal may be sustained on the theory that Necklace must exhaust her tribal remedies and has failed to do so.

■ The exhaustion requirement embodied in 28 U.S.C. § 2254(d) is inapplicable to this case since Necklace is not "in custody pursuant to the judgment of a State court." Moreover, since North Dakota's role in Necklace's institutionalization is limited to providing facilities for her confinement, considerations of comity do not require that Necklace first seek relief in the North Dakota courts. Accordingly, we hold that the district court erred in requiring that Necklace exhaust her state remedies.

■ As to tribal remedies, we have held, as a matter of comity, that tribal remedies must ordinarily be exhausted before a claim is asserted in federal court under the Indian Civil Rights Act; however, the requirement is not an inflexible one. *See Rosebud Sioux Tribe of S. D. v. Driving Hawk*, 534 F.2d 98, 101 (8th Cir. 1976); *Janis v. Wilson*, 521 F.2d 724, 726–27 (8th Cir. 1975); *O'Neal v. Cheyenne River Sioux Tribe*, 482 F.2d 1140, 1144–48 (8th Cir. 1973). As we stated in *O'Neal, supra:*

> A balancing process is evident; that is weighing the need to preserve the cultural identity of the tribe by strengthening the authority of the tribal courts, against the need to immediately adjudicate alleged deprivations of individual rights.

482 F.2d at 1146.

■ In the instant case, Necklace has been under a Tribal Court Order of Commitment for approximately five years, allegedly in violation of due process. While it appears that there are informal procedures by which Necklace might seek relief in the tribal courts, it further appears that the laws of the TAT contain no formal habeas corpus procedure. Under these circumstances, we hold that Necklace is not required to exhaust her tribal remedies.

The judgment of dismissal is reversed and the cause remanded for further proceedings.